**United States Bankruptcy Court**
**Eastern District of North Carolina, New Bern Division**

IN RE:                                                                                     Case No. _____
**Boyd, Brandon Antwan**_____          Chapter **13**_____
<span style="margin-left:2em">Debtor (in a joint case, "debtor" shall include "debtors")</span>

## AMENDED CHAPTER 13 PLAN

    The format of this chapter 13 plan has been approved by the bankruptcy judges for the Eastern District of North Carolina.

    CONFIRMATION PROCESS: Before a plan is confirmed, the chapter 13 trustee will file a separate Motion and Notice for Confirmation that will be served on all creditors.  The trustee's Motion and Notice for Confirmation may incorporate some or all of the terms of the debtor's proposed plan, and will state the date by which objections to confirmation must be filed with the court. Any objections to confirmation must state with particularity the grounds for the objection. **The rights of creditors may be affected if the plan is confirmed, and creditors should carefully read the plan.**

    PROOF OF CLAIM: A creditor's claim will not be allowed or paid unless a proof of claim is filed by or on behalf of the creditor.  Only allowed claims will receive a distribution from the chapter 13 trustee.  Confirmation of a plan does not preclude the debtor, trustee or a party in interest from filing an objection to a claim.

    PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS: Pre-confirmation adequate payments required by 11 U.S.C. § 1326(a)(1) that are to be made through the chapter 13 trustee pursuant to Local Rule 3070-1(b) shall be disbursed by the trustee in accordance with the trustee's customary distribution process.  A creditor will not receive a pre-confirmation adequate protection payment unless the creditor timely files a proof of claim.

    INFORMATION ABOUT THE DEBTOR: The debtor's Current Monthly Income as defined in 11 U.S.C. § 101(10A) is ABOVE /BELOW (designate one) the applicable state median income.

    The debtor's projected disposable income as referred to in 11 U.S.C. § 1325(b)(1)(B) is $ **404.81**.
    The amount referred to in 11 U.S.C.  § 1325(a)(4) that would be paid to unsecured claims if the debtor's estate were liquidated in a case under chapter 7 of title 11 is $  **0.00** . The "liquidation test" has been computed as follows:

| Asset (Real Property, Auto, Other) | Liquidation Value Net of Security Interest |
|---|---|
| **None** | |

**PLAN TERMS PROPOSED BY DEBTOR**

**1. PAYMENTS AND LENGTH OF PLAN**

    The debtor shall make payments to the trustee in the aggregate amount of $ **28,500.00**, which shall be payable as follows (state amount of monthly payment and the number of months to be paid): $475.00 per month for 60 months.

**2. PAYMENT OF DEBTOR'S BASE ATTORNEY'S FEES**

    The balance of the debtor's attorney's base fee to be paid through the plan is $ **4,915.00** (representing a base fee of $ **5,000.00** less the amount of $ **85.00** which has already been paid).

**3. PAYMENT OF SECURED CLAIMS (PAID THROUGH THE PLAN)**

    The secured claims to be paid through the plan are listed in the chart at the end of this paragraph. The allowed amounts of the secured claims will be limited to the amounts stated in the column "Amount of Secured Claim to be Paid," which will be paid with interest at the rate shown in the chart. Distributions will be made by the trustee to the holders of secured claims over the duration of the plan as stated in Paragraph 1., and shall be subject to the disbursements for attorney's fees as set forth in Local Rule 2016-1. Unless otherwise ordered by the court, the amount of a creditor's claim in excess of the allowed amount of the secured claim shall be a general unsecured claim.

| Creditor | Collateral Description | 910/365 Claim under § 1325(a)? Yes/No | Amount of Claim | Collateral Value | Amount of Secured Claim to be Paid | Interest Rate | If Entitled to §1326 PMSI Adeq. Prot. Pymt. Specify Amt. of Pymt. | Est. Mo. Payment |
|---|---|---|---|---|---|---|---|---|

| Security National Auto Acceptance | 2011 Suzuki GSX-R 750 | Y | 7,565.00 | 4,500.00 | 7,565.00 | 5.50 | 0.00 | 144.50 |

### 4. PROPERTY TO BE SURRENDERED TO SECURED CREDITORS

The Debtor Will Surrender The Collateral Listed In The Chart At The End Of This Paragraph.  Upon confirmation of the plan, the automatic stay and, if applicable, the co-debtor stay, will terminate with respect to the surrendered collateral.  No claim for a deficiency will be allowed unless it is filed within 180 days after confirmation of the plan, and no distribution will be made to an affected secured creditor unless the secured creditor has given the debtor credit and reduced its claim to account for the surrendered collateral.

| Creditor | Collateral Description |
|---|---|
| **Coastal Credit LLC** | 2014 Dodge Charger |

### 5. CURING DEFAULTS

Pursuant to 11 U.S.C. § 1322(b)(3) and/or (5), the pre-petition defaults listed in the chart at the end of this paragraph will be cured through the plan in full with interest, if any, at the rate specified in the chart. The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim.  After the arrearage, as stated in the proof of claim or as otherwise determined by the court, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the secured creditor shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the secured creditor may not declare a default of the note, mortgage or other loan document based upon a pre-petition default.

| Creditor | Collateral Description | Estimated Amount of Arrearagwe | Interest to be Paid on Arrearage (0% if none specified) |
|---|---|---|---|
| **None** | | | |

### 6. SECURED CLAIMS TO BE PAID DIRECTLY TO CREDITORS BY DEBTOR

The following secured claims shall be paid by the debtor directly to the secured creditors according to the contractual terms of the secured claims:

| Creditor | Collateral Description |
|---|---|
| **Penfed Credit Union** | **2016 Dodge Challenger** |

### 7. PRE-PETITION DOMESTIC SUPPORT OBLIGATIONS

The following arrearage claims for pre-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) shall be paid in full through this plan pursuant to 11 U.S.C.  § 507(a)(1) unless the domestic support obligation claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Collection Agency | Amount of Arrearage |
|---|---|---|
| **None** | | |

The debtor shall directly pay all ongoing domestic support obligations that become due after the filing of the petition.

### 8. PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)

The following claims that are entitled to priority pursuant to 11 U.S.C. § 507 shall be paid in full through this plan unless the claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Type of Priority | Amount of Priority Claim |
|---|---|---|
| **None** | | |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and leases that are being assumed shall be paid directly by the debtor according to the contractual terms of the executory contract or lease.  Pre-petition defaults listed in the chart at the end of this paragraph will be cured through the plan.  The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the lessor or party to the executory contract shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the lessor or party to the executory contract may not declare a default of the lease or contract based upon a pre-petition default. Claims arising from the rejection of executory contracts and leases shall be general unsecured claims.

| Lessor/Creditor | Subject of Lease/Contract | To be Assumed, Rejected, or other Treatment | Amount of Arrearage | Term of Cure (months) |
|---|---|---|---|---|
| **The Plantation at Jacksonville** | **Residential lease** | **Assume** | **0.00** | **0** |

**10. CO-DEBTOR AND OTHER SPECIALLY CLASSIFIED UNSECURED CLAIMS**

The following claims, if allowed, shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Treatment of Claim |
|---|---|---|
| **None** | | |

**11. GENERAL UNSECURED CLAIMS**

General unsecured claims shall be paid through the plan pro rata to the extent that funds are available after disbursements are made to pay secured claims, arrearage claims, priority claims, and other specially classified claims.

**12. DISCHARGE**

Subject to the requirements, conditions and limitations provided in 11 U.S.C. § 1328, and unless the court approves a written waiver of discharge executed by the debtor, the court shall, as soon as practicable after completion by the debtor of all payments under the plan, grant the debtor a discharge of all debts provided for by the plan or that are disallowed under 11 U.S.C. § 502.

**13. OTHER PLAN PROVISIONS**

    A. <u>Lien Retention</u>. Holders of allowed secured claims shall retain the liens securing their claims to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).
    B. <u>Vesting of Property of the Estate</u>. Property of the estate shall vest in the debtor pursuant to 11 U.S.C. § 1327(b) unless this box **[ ]** is checked, in which event property of the estate shall remain property of the estate after confirmation of the plan.
Except as otherwise provided, property of the estate and property that vests in the debtor upon confirmation shall remain in the possession and control of the debtor, and the trustee shall have no liability arising out of the property or its retention or use by the debtor.  The debtor's use of the property shall be subject to the requirements of 11 U.S.C. § 363, all other provisions of title 11, the Federal Rules of Bankruptcy Procedure and the Local Rules of this court.
    C. <u>Creditor Notices When Debtor to Make Direct Payments</u>. Secured creditors, lessors and parties to executory contracts that will be paid directly by the debtor may send standard payment notices to the debtor without violating the automatic stay.
    D. <u>Rights of Debtor and Trustee to Avoid Liens and to Recover Transfers</u>. Confirmation of the plan shall not prejudice the rights of the debtor or the trustee to bring actions to avoid liens or to avoid and recover transfers. Actions to avoid liens or to avoid and recover transfers must be initiated by separately filed motions or complaints.
    E. <u>Other Provisions of the Plan</u>:

| |
|---|
| **None** |

Dated: **April 24, 2017**                             */s/ Brandon Antwan Boyd*
                                                               Signature of Debtor

                                                                Signature of Spouse (if applicable)

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing was served upon Joseph A. Bledsoe, III, Chapter 13 Trustee this 24th day of April, 2017, by electronic mail; and by electronic and/regular US Mail to all Creditors on the attached mailing matrix.

      /s/Christian B. Felden_____
      Attorney for Debtor(s)
      State Bar Code No. 37438
      Felden and Felden, P.A.
      PO Box 1399
      Jacksonville, North Carolina 28541
      (910) 777-5464
      (888) 808-9991 fax

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 17-01941-5-DMW<br>Eastern District of North Carolina<br>Raleigh<br>Mon Apr 24 21:42:50 EDT 2017 | U. S. Bankruptcy Court<br>300 Fayetteville Street, 4th Floor<br>P.O. Box 791<br>Raleigh, NC 27602-0791 | Armed Forces Loans of Nevada<br>6161 S Rainbow Blvd Ste 100<br>Las Vegas, NV 89118-3270 |
| Army Air Force Mutual Aid<br>102 Sheridan Ave<br>Fort Myer, VA 22211-1110 | (p)W S BADCOCK CORPORATION<br>POST OFFICE BOX 724<br>MULBERRY FL 33860-0724 | Coastal Credit, LLC<br>10333 N Meridian St Ste 400<br>Indianapolis, IN 46290-1112 |
| Coastal Credit, LLC<br>PO Box 205736<br>Dallas, TX 75320-5736 | Comcast Cable<br>PO Box 3005<br>Southeastern, PA 19398-3005 | Comcast Cable Communication<br>330 S Warminster Rd Ste 353<br>Hatboro, PA 19040-3433 |
| Consumadjust<br>800 Prime Pl<br>Hauppauge, NY 11788-4759 | Credit Collection Svc<br>PO Box 607<br>Norwood, MA 02062-0607 | Diversified Consultatnts, Inc<br>PO Box 551268<br>Jacksonville, FL 32255-1268 |
| First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 | First Virginia Plaza Svcs<br>110 Hammond Dr<br>Atlanta, GA 30328-4806 | Furniture Options<br>1305 Baker Rd<br>Virginia Beach, VA 23455-3317 |
| Harley Davidson Credit<br>PO Box 21829<br>Carson City, NV 89721-1829 | Jazmin Bell<br>709 Hunters Quay<br>Chesapeake, VA 23320-6567 | Luther Appliance and Furniture<br>129 Oser Ave Ste A<br>Hauppauge, NY 11788-3813 |
| Merrick Bank<br>10705 S Jordan Gtwy Ste 200<br>South Jordan, UT 84095-3977 | Mid America Bank Andtrust<br>5109 S Broadband Ln<br>Sioux Falls, SD 57108-2208 | (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 |
| Navy Federal Credit Union<br>PO Box 3700<br>Merrifield, VA 22119-3700 | Penfed Credit Union<br>PO Box 255483<br>Sacramento, CA 95865-5483 | Region/AMS<br>PO Box 11007<br>Birmingham, AL 35288-0001 |
| Security National Auto Acceptance<br>6951 Cintas Blvd<br>Mason, OH 45040-8923 | The Plantation at Jacksonville<br>5116 Western Blvd<br>Jacksonville, NC 28546-0001 | USA Discounters LTD<br>6353 Center Dr Ste 101<br>Norfolk, VA 23502-4100 |
| United Consumer Fin Svc<br>865 Bassett Rd<br>Westlake, OH 44145-1194 | Valley Credit Service, Inc<br>PO Box 1070<br>Hagerstown, MD 21741-1070 | Victoria Automobile Insurance<br>22901 Millcreek Blvd<br>Cleveland, OH 44122-5728 |

```
Brandon Antwan Boyd              Christian Bennett Felden         Joseph A. Bledsoe III
5116 Western Blvd                Felden and Felden, P.A.          PO Box 1618
Apt 707                          P.O. Box 1399                    New Bern, NC 28563-1618
Jacksonville, NC 28546-0017      Jacksonville, NC 28541-1399
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Badcock Furniture                Military Star Card
2153 Lejeune Blvd Ste B          3911 S Walton Walker Blvd
Jacksonville, NC  28546-8251     Dallas, TX  75236-1509
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Coastal Credit, LLC           (d)W.S.Badcock Corporation       End of Label Matrix
10333 N Meridian Street          Post Office Box 724              Mailable recipients    32
Suite 400                        Mulberry,FL 33860-0724           Bypassed recipients     2
Indianapolis, IN 46290-1112                                       Total                  34
```